Filing # 96242216 E-Filed 09/25/2019 08:04:16 AM

IN THE CIRCUIT COURT FOR THE TENTH JUDICIAL CIRCUIT
IN AND FOR HARDEE COUNTY, FLORIDA

WILLIAM RYAN,                                    CASE NO.:

    Plaintiff,

v.

MMM SERVICES, INC.,
a Florida Profit Corporation,

    Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, WILLIAM RYAN ("Plaintiff" or "Mr. Ryan"), by and through undersigned counsel, files this Complaint against Defendant, MMM SERVICES, INC. ("Defendant" or "MMM"), and states as follows:

### NATURE OF THE SUIT

1. This action is brought under the Fair Labor Standards Act ("FLSA") to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

### PARTIES, JURISDICTION, AND VENUE

2. Plaintiff was a non-exempt employee who performed plumbing and construction duties at Defendant's customer's outside the State of Florida.

3. Defendant is a Florida Profit Corporation located in Hardee County, Florida, and who, at all times relevant, performed work in Hardee County, Florida and outside the State of Florida.

4. Jurisdiction and Venue are proper in this Court, as the actions giving rise to this lawsuit arise out under federal law, and occurred in Hardee County, Florida.

5. Plaintiff is seeking in excess of $15,000.00, exclusive of attorneys' fees and costs.

## FLSA COVERAGE

6. At all times material hereto, Defendant was, and continues to be an "employer" within the meaning of 29 U.S.C. § 203(d).

7. At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

8. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

9. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" or in the production of goods for commerce as defined by the FLSA.

10. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as labor tools and equipment and machinery.

11. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant in that Defendant could not operate its business without service employees like Plaintiff.

12. At all times, Plaintiff was individually engaged in interstate commerce by virtue of his daily/recurring work with Defendant's customers outside of Florida.

2

## FACTUAL ALLEGATIONS

13. Plaintiff worked for Defendant as a non-exempt laborer from March 18, 2019, through September 12, 2019.

14. Throughout Plaintiff's employment Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

15. Plaintiff regularly worked between eighty (80) to ninety (90) hours per week for Defendant.

16. Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during the relevant limitations period.

17. Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA throughout his employment.

18. Defendant violated Title 29 U.S.C. §207 in that:

(a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendant;

(b) No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

(c) Defendant failed to maintain proper time records as mandated by the FLSA.

19. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

20. Prior to violating the FLSA, Defendant did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

21. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

22. Based on the allegations in Paragraphs 19-21 above, Plaintiff is entitled to liquidated damages as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

23. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

24. Plaintiff reincorporates and re-alleges paragraphs 1 through 23 as though set forth fully herein and further alleges as follows:

25. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

26. During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid full and proper time and one-half compensation for all hours worked.

27. Plaintiff was not an exempt employee as defined by the FLSA.

28. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

29. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, and that this Court:

    a. Declare, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Award Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

    c. Award Plaintiff liquidated damages in an amount equal to the overtime award;

    d. Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. Award Plaintiff pre-judgment interest; and ordering any other further relief the Court deems just and proper.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 25th day of September 2019.

        Respectfully Submitted,

        **By: /s/ *NOAH E. STORCH***
        Noah E. Storch, Esq.
        Florida Bar No. 0085476
        Alexandra R.F. Scala, Esq.
        Florida Bar No. 98770
        RICHARD CELLER LEGAL, P.A
        10368 W. State Rd.84, Suite 230
        Davie, FL 33324
        Telephone: (866) 344-9243
        Facsimile: (954) 337-2771
        E-mail: noah@floridaovertimelawyer.com
        E-mail: alexandra@floridaovertimelawyer.com

        *Attorneys for Plaintiff*

UNOFFICIAL DOCUMENT